# Nettles *v.* The State.

*Indictment for Illegal Voting at Municipal Election.*

1. *Illegal voting; constituents of offence.* — Voting out of the ward of the voter's residence, at an election for municipal officers in the city of Montgomery, is not an offence under section 404 of the Revised Code.

2. *Same; statutory provisions.* — Section 404 of the Revised Code, as to illegal voting at elections, is repealed by the 99th section of the Election Law of 1868.

FROM the Circuit Court of Montgomery.
Tried before the Hon. JAS. Q. SMITH.

ARRINGTON & GRAHAM and HERBERT & MURPHEY, for the defendant.

BEN. GARDNER, Attorney General, for the State.

PETERS, J. — This is an indictment for illegal voting, founded on section 404 of the Revised Code, which is in these words: " If any person votes at any election who is not entitled, or if any one votes out of the county, or the city or town (if entitled to separate representation) of his residence, he is guilty of a misdemeanor, and, on conviction thereof, must be fined not less than three hundred dollars." The defendant was convicted in the court below, and he brings the case to this court for review, and for a correction of errors apparent on the record. The count of the indictment is in these words: " The grand jury of said county charge, that before the finding of this indictment, at an election held in the city of Montgomery, state and county aforesaid, in pursuance of an act of the General Assembly of the State of Alabama, entitled ' An act to amend the charter of the city of Montgomery, and the various laws

heretofore passed amending the said charter,' approved March 3d, A. D. 1870, for mayor, aldermen, and clerk of said city of Montgomery, on the first Monday of December, A. D. 1871, that at said election, and in ward number one of said city, Thomas Nettles, *alias* Albert Nettles, not being a legal voter of said ward, and not entitled by law to vote therein, did cast a vote in said ward, at said election for mayor, aldermen, and clerk of said city of Montgomery; against the peace," &c. The defendant demurred to this indictment, but his demurrer was overruled; and this ruling of the court below, to which he excepted, is now one of the errors relied on in this court as a cause for reversal.

The statute upon which the indictment is founded makes illegal voting " at any election " a misdemeanor; that is, a public offence, punishable by fine and imprisonment, or by both. Revised Code, §§ 404, 3541. This illegal voting may be done by one not entitled to vote, voting at any election; or by one who is entitled to vote, voting out of the county, or city, or town of his residence. It seems obvious that this phraseology divides illegal voting into two classes. The first depends upon a *personal* disability, which renders the person voting not entitled to vote at the election at any place. The second depends on the place of voting, and may be called a *local* disability. The indictment in this case charges the defendant with the offence of voting *where* he was not entitled to vote; with voting *out of* the ward of his residence, at a municipal election in the city of Montgomery. This may be an offence against the ordinances and by-laws of the city corporation, but it is no offence against the laws of this State. The only offences of this kind recognized by the statute above cited are, voting out of the county, or out of the city, or out of the town of the voter's residence. And this prohibition seems to be confined to elections for state or county officers, as no one would be likely to vote out of the city or town for city or town officers; because these local elections are always held within the local jurisdiction, and would, if held anywhere else, be wholly illegal, and would not amount to elections in the sense of the statute at all. The indictment, then, shows no violation of the statute, and the demurrer should have been sustained, and the prosecution should have been dismissed in the court below.

2. But this is not the only ground upon which the prosecution must fail, even if the indictment had been sufficient. The section of the Code upon which it is supposed to be founded has been repealed. That section is a part of the general election laws in force in this State, which were approved prior to the passage of the act entitled " An act to regulate elections in this State," approved October 8, 1868. Section 99 of this latter

act, the repealing section, is in these words: "*Be it further enacted*, that all election laws, and parts of election laws, in force in this State, approved prior to this act, of a general nature, be, and the same are hereby repealed." Pamphlet Acts 1868, pp. 269–89. There can be no doubt that section 404 of the Revised Code is a part of the election laws in force on the 8th day of October, 1868, of a general nature. It was, therefore, necessarily swept away by the section of the act last above quoted. This is an express repeal. Besides, there is also an implied repeal in section 98 of the act above quoted. It creates a new offence for its violation by illegal voting, and leaves out the offences denounced by the prior act. This is tantamount to a repeal.

Therefore this court, being clothed with the power " to render such judgment on the record as the law demands " (Revised Code, § 4314), doth order and adjudge, that the sentence and judgment of the court below be reversed and held for nought ; that this prosecution be dismissed out of this court, and that the said defendant Thomas Nettles, *alias* Albert Nettles, be discharged from all further prosecution in this behalf.